UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA**

**Vs** **CR06-0131-001**

**FERNELL BROWN**

**DEFENDANT'S MOTION FOR SENTENCING VARIANCE**

Defendant Fernell Brown pleaded guilty to the instant indictment which charged him with two counts of distribution of cocaine base.

The defendant based on these two counts is potentially facing a mandatory minimum sentence of five (5) years incarceration but based on the presentence report as filed and the defendant's criminal history as calculated, qualifies for the "safety valve."

In qualifying, the defendant is aware of the benefit of the safety valve in that it permits the court to depart below the minimum mandatory sentence as set by statute.

Despite the fact the defendant is by virtue of qualifying for the safety valve, receiving a sentencing benefit, he files this request to have the court consider a further variance as permitted.

The court is well aware that the statutory authority for requesting a downward departure or variance under the guidelines is found in 18 USC section 3553(a) "which requires the courts to consider a number of factors in imposing sentences" United States v Pho, 433 F.3d 53, 61-62 (1st Cir. 2006), including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 USC section 3553(a)(1), United States v Corey Smith, 455 F.3d 1, 3 (1st Cir. 2006).

The defendant has acknowledged his involvement in the offenses charged and from the time of counsel's appointment up through the present time, has expressed a willingness to acknowledge his guilt and take responsibility for his actions.

Under the relevant statutory provisions as already noted, the defendant faces certain mandatory minimum sentences for these crimes (in the absence of the safety valve provisions). Making an assumption as dangerous as that may be, that the court will impose concurrent terms, the defendant faced the potential of a minimum sentence of five (5) years incarceration for being a "mule" in a relatively small drug transaction.

It has long been argued that the guideline as well as the statutory provisions regarding the penalties for cocaine base are excessive and/or racially motivated and should be amended to reduce the penalties associated with its possession and/or distribution.

Whatever the motivation may be for the draconian penalties associated with the possession or distribution of cocaine base, it appears that the majority opinion remains that the penalties are more severe than necessary. This is particularly true when those penalties are imposed on the small time players such as this defendant who are merely acting as the "errand boy" for the actual dealers who continue to shield themselves through the use of these low paid, poverty level runners.

Of course, in fashioning an appropriate sentence the court must consider all the factors set out in 18 U.S.C. § 3553, to wit; the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, to afford adequate deterrence (to the defendant and to other members of

society), to protect the public from further crimes of the defendant and to provide the defendant with educational and vocational training ….

The goals of the sentencing guidelines were, in addition to providing some uniformity of sentences, to set forth penalties that reflected the seriousness of offense, to afford adequate deterrence, to promote respect for the law and to provide just punishment.

However, as initially drafted they remained inflexible and tied the hands of the judiciary when considering the nature and circumstances of the offense and the history and characteristics of the defendant. Fortunately, over the years the trial courts and then the appellate courts began to recognize the rigidity of the guidelines and departures from the guidelines became more acceptable.

Ultimately, as the court well knows, the guidelines became advisory, thereby giving the trial courts more discretion in fashioning appropriate sentences. The guidelines, however, remain part of the sentencing scheme and are to be considered in all sentencings and in most respects are still considered to be reflective of the factors enumerated in 18 U.S.C. § 3553(a)(2)(A)(B) and (C).

They do not, however, always reflect the nature and circumstances of the offense and certainly by their very nature are not reflective of the history and characteristics of the defendant or the potential need for educational or vocational training.

**THE OFFENSE:**

The offense conduct in the instant matter is relatively simple in nature, so to speak. The defendant doing the "bidding" of another, made two (2) deliveries of cocaine base to a government informant. This is the relevant offense conduct. No weapons were utilized, brandished or in any way involved.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT:**

The defendant is a 21 year old man who has suffered from an extraordinarily disadvantaged background as indicated from the following facts gleaned from the pre-sentence report:

- the defendant has not had any contact with his father in approximately 10 years and has had no positive influence from any father figure in his life. He recalls having contact with his father only a handful of times in his lifetime;
- he has no fond memories of his childhood and was constantly exposed to violence and drug activity during his formative years;
- his family had been negatively labeled both by law enforcement and within his neighborhood before he was born and that label has carried over into his adult life;
- many members of his family had in fact been in trouble and involved with the criminal justice system and it was virtually pre-ordained that he follow the same path;
- as a result of his family troubles his childhood was restricted in such a way that other neighborhood children would not be allowed to play with him due to the fear that he was also trouble;
- his family was poor and although they had shelter, they did not always have enough food;
- he has other family members murdered including his grandmother with whom he was very close, she being run down and killed by another woman in 2001;
- he has dealt with depression since his pre-teen years and had been prescribed Paxil at the age of 12 or 13;

- his depressive state has caused him to have thoughts of suicide and his family history has possibly caused Post Traumatic Stress Disorder and has resulted in nightmares of being shot and fears – rational fears – of being murdered like other family members;
- in order to escape his existence he "self medicated" with drugs. First using marijuana at age 11 and "graduating" to the use of ecstasy. He used both substances on a daily basis.

The defendant's childhood and early adult life can hardly be described as ideal and in most circumstances can not even be described as typical, at least in the traditional sense. He has on the contrary, suffered a childhood that society attempts to prevent, to wit; drugs, violence, death in addition to lacking the some of the basic necessities of life such as food and an education.

It is abundantly clear that this defendant has had an extraordinarily disadvantaged upbringing and as such he respectfully moves that this court consider these circumstances in fashioning an appropriate sentence.

In addition to these factors, the defendant submits that the court should consider the guideline amendments due to take effect in November of this year. Under the amendments approved, the defendant's guideline level would drop from a level 26 to a level 24. Assuming application of the safety valve as here, the defendant's guideline level as adjusted would drop from a level 21 to a level 19, which carries a presumptive sentence of 30 to 37 months instead of the 37 to 46 months "mandated" by a level 21.

Wherefore, the defendant requests that this court consider all the relevant factors to be considered and grant him a guideline or sentencing variance.

FERNELL BROWN
By his attorney,
/s/ *William C. Dimitri*
William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909
401-273-9092
401-331-1898 fax

**CERTIFICATION**

I hereby certify that a true copy of this motion was served electronically upon Sandra Beckner, A.U.S.A. on the 21st day of May, 2007.

/s/ *William C. Dimitri*