IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR-06-131T
:
FERNELL BROWN :

GOVERNMENT'S RESPONSE TO "DEFENDANT'S MOTION FOR SENTENCING VARIANCE"

The defendant moves for a variance from the Sentencing Guidelines range because he experienced a "disadvantaged upbringing;" the offense only involved two deliveries of crack cocaine and he contends that he was a "mule" doing the "'bidding' of another;" and, because the crack cocaine guidelines are too harsh. The defendant's motion should be denied because the Sentencing Guidelines range is reasonable in light of the nature of the offense, the history and characteristics of the defendant, and the need to promote respect for the law, protect the public, and deter criminal misconduct.

DISADVANTAGED UPBRINGING

A disadvantaged childhood is a prohibited basis for departure under the Sentencing Guidelines. See U.S.S.G. §§ 5H1.12 and 5K2.0(d). Nonetheless the Court may consider even a forbidden factor when considering whether a variance is appropriate, although "reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006).

Given the prevalence of a challenging childhood to defendants facing drug sentences, a variance on this basis would dictate a variance in virtually every case. The Court should not vary from the Sentencing Guidelines range in this case because the defendant's upbringing is not unusual, nor does it excuse criminal behavior. See United States v. Trice, 484 F.3d 470, 475 (7th Cir. 2007) (refusing to vary based upon the defendant's disadvantaged childhood because such a fact is "hardly unique" and does not outweigh the need for "individual and societal deterrence"); United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007) (refusing to vary on the basis of a disadvantaged childhood because the defendant had a prior drug conviction and his circumstances were not unusual).

## OFFENSE AND THE DEFENDANT'S ROLE

The defendant asks for a variance because the offense involved two deliveries of cocaine base and he claims that his role was that of a "mule." Yet, narcotics trafficking, even involving two deliveries, is serious misconduct. In this case, the defendant's relevant conduct is 0.18 grams from the next base offense level, level 28, under U.S.S.G. § 2D1.1(c). Furthermore, he told law enforcement during his post-arrest interview that when the cooperator contacted him about a third buy, he consulted with other individuals now federally indicted and concluded that the cooperator was working with law enforcement. The defendant

admitted he then called the cooperator to ask why he was working with the police. Based upon this interview, it is likely that the defendant ceased selling narcotics to the cooperator only because he determined that the cooperator was working with law enforcement. Additionally, the defendant was interviewed by law enforcement on more than one occasion and he never claimed to be a "mule."

PROPOSED AMENDMENTS TO THE CRACK GUIDELINES

The defendant asks the Court to vary from the Sentencing Guidelines range because the Guidelines may be amended in November 2007. However, in general the sentencing judge is to apply the Sentencing Guidelines version in effect at the time of the sentencing. See 18 U.S.C. § 3553(a)(4)(A)(ii); USSG § 1B1.11(a); Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992); United States v. Crudup, 375 F.3d 5, 8 (1st Cir. 2004).[1] The amendment at issue in this case is merely proposed, will not go into effect until November 1, 2007 if at all, and may be rejected or modified by Congress in the interim. See 28 U.S.C. § 994(p).[2] Accordingly, the Court should not base its decision to

[1] An exception, not applicable in this case, is where the guideline in effect at sentencing would violate the ex post facto clause of the Constitution, in which event the court would use the guideline version in effect at the date of the offense of conviction. See, USSG §1B1.11(b)(1).

[2] 28 U.S.C. § 994(p) provides in pertinent part that "The Commission [...] may promulgate [...] and submit to Congress amendments to the guidelines" and that such amendments "shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year [...] except to the extent that the effective date is revised or the amendment

vary on what Congress may or may not do five months from now.

CONCLUSION

Based upon the foregoing, the government respectfully requests that the Court deny the defendant’s motion and impose a sentence within the Sentencing Guidelines range.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

is otherwise modified or disapproved by Act of Congress.”

CERTIFICATE OF SERVICE

On June 1, 2007, I caused the within "GOVERNMENT'S RESPONSE TO 'DEFENDANT'S MOTION FOR SENTENCING VARIANCE'" to be filed electronically. It is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. William C. Dimitri
462 Broadway
Providence, RI 02909

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj